Case 1:20-cv-01118-UNA   Document 3   Filed 06/01/20   Page 1 of 2   **FILED**
6/1/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMARE EL BEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 1: 20-cv-01118-UNA |
| ALPEN AKAN, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues a single individual, Alpen Akan, also a resident of the District of Columbia. He vaguely alleges that defendant "came to my domicile secured in private trust offering [plaintiff] money to leave [plaintiff's] property, then later having no contact with [plaintiff], used the count in fraud to move a fraudulent eviction not in [plaintiff's] name[.]" Plaintiff then provides a list, with no context, which seemingly purport to be his proposed causes of action, namely, embezzlement, "trespassing in fraud," and "false claim committing deprivation of rights under color of law."

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be

complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). The complaint provides no basis for diversity jurisdiction because plaintiff and defendants are all located in the District. *See Morton v. Claytor*, 946 F.2d 1565 (D.C. Cir. 1991) (Table) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332."); *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."). Both parties reside in the District, therefore, there is no diversity of citizenship.

The complaint also fails to present any federal question under 28 U.S.C. § 1331. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). Consequently, this case will be dismissed. A separate order accompanies this memorandum opinion.

                                                            _____/s/_____
                                                                  Emmet G. Sullivan
                                                            United States District Judge

DATE:  June 1, 2020